**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5955

DENNIS RAY KIDD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-456-A)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Stacy E. Flippin, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dennis Ray Kidd was convicted for reckless driving in violation of 18 U.S.C.A. § 13 (West Supp. 1996), assimilating Va. Code Ann. § 46.2-852 (Michie 1994), and operating a motor vehicle after his license had been suspended or revoked in violation of 18 U.S.C.A. § 13, assimilating Va. Code Ann. § 46.2-301 (Michie Supp. 1995). Kidd alleges on appeal that the evidence adduced at trial is insufficient to sustain his convictions because there was no evidence that he was actually driving. Kidd alleges he was merely a passenger in the vehicle but does not dispute any other element of the offenses.

We review a sufficiency of the evidence claim under the well-settled standard that a criminal conviction shall not be set aside for insufficient evidence if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Viewing the evidence in the light most favorable to the Government, the following facts were adduced at trial. A police officer observed a white Honda Prelude go past him at an excessive rate of speed and then run off the road as it was making a right turn. Moments after the Prelude struck another vehicle head-on, the officer arrived at the scene to see both drivers sitting behind their steering wheels. Kidd had sustained facial lacerations and smelled of alcohol and there was an open bottle of wine in his car. After Kidd was taken to a military police station he spontaneously stated, "Was it a black guy I hit?" Later Kidd was taken to a military hospital where he stated to an X-ray technician that, "he was driving down the road . . . he thought he was making a turn but he wasn't . . . and he struck a car."

Accordingly, viewing the evidence in the light most favorable to the Government, we find that any rational trier of the facts could have found that Kidd was actually the driver of the vehicle that night. Jackson v. Virginia, 443 U.S. at 318-19. We therefore affirm the conviction. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3